NO. 07-03-0024-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 22, 2003

______________________________

TOM RICHARD DOYLE, JR.,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 359
TH
 DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 02-05-03090-CR; HON. JAMES H. KEESHAN, PRESIDING

_______________________________

Abatement and Remand

_______________________________

Before QUINN, REAVIS and CAMPBELL, JJ.

Pending before the court are two motions entitled 1) “Motion to Substitute Attorney of Record, or, in the alternative, to Remand to Trial Court for Hearing on Indigency and Appointment of Attorney” and 2) “Motion to Extend Time for the Purpose of Filing a Supplemental Brief on Behalf of Appellant.”  Appellant timely appealed his various criminal convictions and filed an appellant’s brief on June 30, 2003.  However, on the same day, his attorney of record, Mr. Peter E. Ryba, notified this court that he (Ryba) had been suspended from the practice of law beginning August 1, 2003, and ending on November 30, 2003.  

In response to the notification from Ryba, this court informed the State and appellant that all action in this case would be suspended until November 30, 2003.  Thereafter, the State moved, on October 2, 2003, to extend its briefing deadline, which motion we granted.  Prior to the lapse of that deadline, however, an attorney named Kaye Ellis filed the motions to substitute counsel and for leave to file a supplemental brief.  The purpose of the latter was to add more issues or points of error if deemed necessary.  Furthermore, Ellis purported to act on behalf of the appellant and represented that the trial court appointed her to represent him.  Yet, no signed and certified copy of an order appointing her to the cause accompanied the motions.  Nor has this court remanded the appeal to re-invest the trial court with jurisdiction to appoint new counsel.  Thus, whether Ellis has been appointed in lieu of Ryba is uncertain.  Yet, it is known that appellant was dissatisfied with Ryba and sought alternate counsel.

Accordingly, we abate this appeal and remand the cause to the 359th District Court of Montgomery County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

 1.   whether appellant desires to prosecute the appeal; 

     2.   whether appellant is indigent and entitled to appointed counsel; and,

 3.   whether Peter Ryba should be removed as counsel for appellant and other counsel, such as Kaye Ellis, appointed in his stead.

The trial court shall cause the hearing to be transcribed.  So too shall it execute findings of fact and conclusions of law addressing the aforementioned issues and disclosing the name, address, state bar number, and telephone and fax numbers of any new counsel it may appoint to represent appellant.  The trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it issued as a result of its hearing on this matter, and 2) a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the trial court shall also cause the supplemental clerk's record to be filed with the clerk of this court on or before November 21, 2003.  Should further time be needed by the trial court to perform these tasks, then same must be requested before November 21, 2003.

Finally, it is ordered that the State’s current briefing deadline be vacated.  If substitute counsel is appointed to represent appellant on appeal, that counsel is ordered to review the appellant’s brief currently on file with this court and determine if any other issues regarding the validity of appellant’s conviction and sentence necessitate briefing.  Any additional briefing deemed necessary must be filed by appellant and appear in the form of an amended appellant’s brief, which brief will then replace the original appellant’s brief.  The amended appellant’s brief, if any, must be filed with this court on or before December 22, 2003.  Any appellee’s brief which the State may care to file must be filed with this court on or before January 22, 2004, irrespective of whether an amended appellant’s brief is filed.

It is so ordered. 

Per Curiam 

 Do not publish. e
, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).

Analysis

We will first address the question of whether the informant’s testimony is sufficiently corroborated to be considered in determining the legal and factual sufficiency of the evidence to sustain appellant’s conviction.  In that regard, the testimony of three officers placed appellant at the scene of the transaction, an audio recording was made of the transaction and received into evidence, and a laboratory analysis confirming the purchased substance was cocaine was received into evidence.  The evidence was amply sufficient to corroborate the informant’s testimony.  
See Cantelon v. State,
 85 S.W.3d at 461. 

In addition to the informant’s testimony concerning her purchase, the jury heard the testimony of the officers that they had observed the informant meet with appellant, that they were able to hear appellant’s agreement to exchange cocaine for money vis the transmitter, and that within minutes of the transaction, they recovered from the informant a white powdery substance that was later identified as containing 3.93 grams of cocaine.  We can only conclude that the evidence is both legally and factually sufficient to sustain appellant’s conviction.  Appellant’s first issue is overruled.

We next consider appellant’s second issue in which he argues his trial representation was ineffective because his counsel failed to follow trial strategy suggested by appellant.  Specifically, he argues that ineffectiveness was demonstrated by trial counsel’s 1) failure to file motions to quash the indictment and to change venue; 2) failure to challenge certain jury panel members for cause; 3) failure to call witnesses vital to his defense; and 4) failure to object to a juror falling asleep during the presentation of evidence.

A claim of ineffectiveness of counsel requires an appellant to show 1) that counsel’s trial performance was so deficient that counsel failed to function as the “counsel” guaranteed under the Sixth Amendment to the Federal Constitution; and 2) that counsel’s deficient performance prejudiced the appellant, depriving appellant of a fair trial.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  

In presenting a contention of ineffective assistance of counsel, an appellant is required to cite to the record and to supply supporting authority or make substantive argument.  
See
 Tex. R. App. P. 38.1(h); 
Lagrone v. State
, 942 S.W.2d 602, 614 (Tex. Crim. App. 1997); 
Alvarado v. State
, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995); 
Labrador Oil Co. v. Norton
 
Drilling
 
Co.
, 1 S.W.3d 795, 802-03 (Tex. App.–Amarillo 1999, no pet.).  Inasmuch as this appellant has failed to cite supporting authority, make substantive argument, or cite to the record, we overrule his claim of ineffective assistance of counsel.        

Moreover, even assuming 
arguendo
 that appellant had properly presented his claim, his contentions are not supported by the record.  Parenthetically, appellant sought to introduce additional evidence into the appellate record by filing several motions to amend his 
pro se
 record.  However, an appellate court cannot consider factual assertions that are outside the trial record.  
Whitehead v. State
, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).  Additionally, appellant has not identified how he was prejudiced by his trial counsel’s performance.  Without a specific demonstration of prejudice supported by the record, we cannot find ineffective assistance of counsel.  
See Bone v. State
, 77 S.W.3d 828, 836-37 (Tex. Crim. App. 2002).  Appellant’s second issue is overruled.

Appellant also raises three additional issues:  1) a violation of the Texas wiretapping statute, article 18.20 of the Code of Criminal Procedure; 2) a violation of section 52.01 of the Family Code, and 3) a violation of article 30.01 of the Code of Criminal Procedure.  However, he fails to cite to relevant portions of the record or set out a substantive argument.  
See 
Tex. R. App. P. 38.1(h);
 Lagrone v. State, 
942 S.W.2d at 614; 
Alvarado v. State
, 912 S.W.2d at 210.  Although an appellant may make arguments for which there is no authority directly on point, he must ground his contentions in analogous case law or provide the reviewing court with the relevant jurisprudential framework for evaluating the claim.  
See Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000).  Because appellant has failed to do so, he has inadequately briefed these issues.  
See Lagrone v. State, 
942 S.W.2d at 614
; 
Alvarado v. State
, 912 S.W.2d at 210.  Thus, we must, and do hereby, overrule all of appellant’s remaining issues.

In addition to the motions we have already ruled upon, appellant has filed a “Motion with Exhibits” and a “Motion with Exhibit to Amend on Pro Se [Brief].”  In both of these motions, appellant seeks to introduce new evidence that was not before the trial court.  An appellate court’s review of the record is limited to the evidence before the trial court at the time of the court’s ruling and the supplementation rules cannot be used to create new evidence.  
Whitehead v. State
, 130 S.W.3d at 872.  These motions must be, and are hereby, overruled.

In summary, all of appellant’s issues are overruled and the judgment of the trial court affirmed.
 

John T. Boyd

Senior Justice

Do not publish.